# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-2020

———————————————

MICHAEL D. MILLER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Lafayette County.
Darren K. Jackson, Judge.

May 25, 2018


PER CURIAM.

Appellant, Michael Miller, challenges his convictions for driving under the influence and causing the death of another human being in violation of section 316.193, Florida Statutes, for driving under the influence and causing serious bodily injury, contrary to section 316.193(3), Florida Statutes, and for driving under the influence and causing property damage in violation of section 316.193(3), Florida Statutes.

On December 7, 2013, Miller and his passenger had collided with a motorcycle on State Road 27 after a night of drinking. The driver of the motorcycle was killed and the brother on the motorcycle suffered multiple injuries. Florida Highway Patrol arrived at the scene and Miller agreed to a voluntary blood

withdrawal. When Sergeant Simmons asked for Miller's signature for the consent form, he refused to sign and withdrew his consent to the blood withdrawal. Simmons then explained that if Miller refused consent, a warrant would be obtained to get the blood from him. Miller then agreed to the blood draw and signed the consent form.

On appeal, Miller makes two arguments. First, he argues that it was error for the trial court to deny his motion to suppress the blood alcohol test results because his blood was taken without his consent and without a warrant. Miller says his consent was not freely and voluntarily given, but rather it was an acquiescence to Simmons' misrepresented authority that he had probable cause to obtain a warrant. Whether consent was freely and voluntarily given is determined by the totality of the circumstances. *Montes-Valeton v. State*, 216 So. 3d 475, 480 (Fla. 2017) (listing factors such as time and place of encounter, number of officers present, officer's words or actions, age and maturity of defendant, defendant's prior offenses, defendant's execution of a written consent form, whether defendant was informed of his or her right to refuse consent, and length of time of interrogation). The facts and circumstances in this case demonstrate that Miller freely and voluntarily consented to the blood withdrawal. Specifically, Simmons explained that refusal to consent would require him to get a warrant (for which probable cause existed) to obtain the blood sample, which he explained would require them to drive to a judge during the night to get the warrant signed. Simmons's explanation did not amount to coercion or misrepresentation of authority because he had probable cause and accurately described to Miller what would occur if a warrant were sought. Miller's subsequent consent, both oral and written, was therefore freely and voluntarily given. Consequently, the trial court did not err in denying Miller's motion to suppress.

Second, Miller argues that the trial court erred by precluding him from presenting evidence that the victim was driving a motorcycle without an endorsement when he and his brother were hit by Miller from behind, because this evidence was relevant to Miller's defense that the victim's conduct was the sole cause of the accident. For the decedent's conduct to be a defense to vehicular manslaughter, the conduct must be viewed as the sole proximate

2

cause of the accident. *Everett v. State*, 435 So. 2d 955, 957-58 (Fla. 1st DCA 1983); *see also Union v. State*, 642 So. 2d 91, 94 (Fla. 1st DCA 1994) (applying to vehicular homicide). Here, evidence was presented that Miller had been drinking on the night of the incident, had a blood alcohol content higher than 0.08, and was excessively speeding prior to the crash. Because of the obvious risks associated with driving under these conditions, no reasonable jury would conclude that the decedent's lack of a motorcycle endorsement was the sole proximate cause of the accident. Therefore, the trial court did not err in precluding Miller from presenting this type of evidence.

Because the record demonstrates that Miller consented to the blood draws, and because there was no reasonable basis to conclude that the decedent's conduct was the sole proximate cause of the accident, we affirm.

AFFIRMED.

B.L. THOMAS, C.J., and MAKAR and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.