# Supreme Court of Florida

_____

No. SC18-1692
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-09.**

January 4, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

On October 16, 2018, the Committee filed a report proposing amendments to

the standard criminal jury instructions. The Committee's proposals pertain to the

following existing instructions: 7.8 (Driving Under the Influence Manslaughter);

7.9 (Vehicular or Vessel Homicide); 16.12 (Leaving a Child Unattended or

Unsupervised in a Motor Vehicle); 28.1 (Driving Under the Influence); 28.1(a)

(Driving Under the Influence Causing Property Damage or Injury); 28.2 (Felony

Driving Under the Influence); 28.3 (Driving Under the Influence Causing Serious

Bodily Injury); 28.4 (Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [Injury]); 28.4(a) (Leaving the Scene of a Crash Involving Only Damage to an Attended Vehicle or Attended Property); 28.4(b) (Leaving the Scene of a Crash Involving Damage to an Unattended Vehicle or Unattended Property); 28.5 (Reckless Driving); 28.5(a) (Racing on a Highway); 28.6 (Fleeing to Elude a Law Enforcement Officer); 28.7 (Fleeing to Elude a Law Enforcement Officer (Sirens and Lights Activated)); 28.8 (Fleeing to Elude a Law Enforcement Officer (Siren and Lights Activated with High Speed or Reckless Driving)); 28.8(a) (Fleeing to Elude a Law Enforcement Officer (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)); 28.8(b) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death)); 28.8(c) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)); 28.8(d) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another)); 28.8(e) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)); 28.13 (Refusal to Submit to Testing); and 28.18 (Failure to Obey the Lawful Order of a [Police] [Fire] [Traffic] Official).

Following publication in *The Florida Bar News*, the Committee received one comment pertaining to the addition of the terms "personal delivery devices" and "mobile carriers" to the definition of "vehicle." In response, the Committee added the following sentence to the italicized note preceding the definition from section 316.003(99), Florida Statutes (2018): "Some of these terms have their own statutory definitions, which should be given if necessary." Both terms are further defined in section 316.003. *See* § 316.003(39); § 316.003(53), Fla. Stat. (2018).

We authorize the proposed amendments to the instructions for publication and use as proposed and with any modifications discussed below, and discuss the more significant amendments to the instructions as well.

Instructions 7.8, 28.1, 28.1(a), 28.3, 28.4, 28.4(a), 28.4(b), 28.5, 28.6, 28.7, 28.8, 28.8(a), 28.8(b), 28.8(c), 28.8(d), 28.8(e), and 28.18 update the definition of "vehicle" to include as exceptions "personal delivery devices" and "mobile carriers." Those same instructions, as well as 7.9, 16.12, 28.2, and 28.5(a), add the italicized sentence "Some of these terms have their own statutory definitions, which should be given if necessary" above the definitions for "vehicle" or "motor vehicle."

Next, we update the definition of "motor vehicle" to delete "motorcycle" and to add as exceptions "mobile carrier" and "personal delivery device" to instructions 16.12, 28.5, 28.5(a), and 28.13.

- 3 -

In addition, in instructions 28.8(b) and 28.8(d), we add the following

italicized trial note and instruction pertaining to whether the defendant caused the

victim's injury or death as part of aggravated fleeing or eluding:

> *Give if it is alleged in the charging document that the defendant*
> *caused victim injury or death as part of violating § 316.027, Fla. Stat.*
> *§ 921.0021(7)(e), Fla. Stat.*
> **If you find that** (defendant) **committed Aggravated Fleeing,**
> **you must then determine whether the State proved beyond a**
> **reasonable doubt that [he] [she] caused [death] [or] [severe**
> **injury] [or] [moderate injury] [or] [slight injury] to** (victim)**.**

Lastly, on the Court's own motion, we change the statutory citation for

"vessel" in instruction 7.9 to cite to the correct statutory definition, section

327.02(46), Florida Statutes, *see* ch. 2017-163, § 2, Laws of Fla., and add the

sentence "Some of these terms have their own statutory definitions which should

be given if necessary" in the italicized note above the definition for "vehicle" in

instruction 28.1(a) to be consistent with the other amended instructions.

Having considered the Committee's report, we authorize the amended

instructions as set forth in the appendix to this opinion for publication and use.[1]

New language is indicated by underlining, and deleted language is indicated by

---

1. The amendments as reflected in the appendix are to the Criminal Jury
Instructions as they appear on the Court's website at www.floridasupremecourt.org
/jury_instructions/instructions.shtml.  We recognize that there may be minor
discrepancies between the instructions as they appear on the website and the
published versions of the instructions.  Any discrepancies as to instructions
authorized for publication and use after October 25, 2007, should be resolved by
reference to the published opinion of this Court authorizing the instruction.

struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 7.8 DRIVING UNDER THE INFLUENCE MANSLAUGHTER
§§ 316.193(3)(a), (3)(b), and (3)(c)3., Fla. Stat.

**To prove the crime of Driving ~~u~~Under the Influence Manslaughter, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **drove [or was in actual physical control of] a vehicle.**

2.      **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

       a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

       b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3.      **As a result of operating the vehicle,** (defendant) **caused or contributed to the cause of the death of** [(victim)] **[an unborn child].**

*Give if §§ 316.193(3)(a), (3)(b), and (3)(c)3.b., Fla. Stat., is charged.*
**If you find the defendant guilty of Driving ~~u~~Under the Influence Manslaughter, you must further determine whether the State proved beyond a reasonable doubt that:**

(Defendant)**, at the time of the crash,**

       a.      **knew or should have known that the crash occurred**

       **and**

       b.      **failed to give information as required by law**

       **and**

> **c.**      **failed to render aid as required by law.**

Florida law requires that the driver of any vehicle involved in a crash resulting in injury to or death of any person, or damage to any vehicle or other property which is driven or attended by any person, must supply [his] [her] name, address, and the registration number of the vehicle [he] [she] is driving to any person injured in the crash or to the driver or occupant of or person attending any vehicle or other property damaged in the crash.  Upon request and if available, the driver shall also exhibit [his] [her] license or permit to drive.

The driver shall give the same information and, upon request, exhibit his or her license or permit, to any police officer who is at the scene of the crash or who is investigating the crash.

The driver shall also render reasonable assistance to any person injured in the crash, including carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.

In the event none of the persons specified above are in condition to receive the information to which they otherwise would be entitled, and no police officer is present, the driver of a vehicle involved in the crash, after trying to fulfill the requirements listed above as much as possible, shall immediately report the crash to the nearest office of a duly authorized police authority and supply the information specified above.

*Give if applicable. § 316.193(4), Fla. Stat.*
If you find the defendant guilty of Driving ~~u~~Under the Influence Manslaughter, you must also determine whether the State has proven beyond a reasonable doubt whether:

> **a.**      **the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**

- 7 -

      **b.**    **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the Driving u̶Under the Influence.**

*Definitions. Give as applicable.*
*§ 316.003(9̶59), Fla. Stat. <u>Some of these terms have their own statutory definitions, which should be given if necessary.</u>*
**"Vehicle" is every device in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except <u>personal delivery devices, mobile carriers, and </u>devices used exclusively upon stationary rails or tracks].**

*§ 316.1934(1), Fla. Stat.*
**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**"Impaired" means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**"Actual physical control of a vehicle" means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.**

*§ 877.111(1), Fla. Stat.*
**(_____) is a chemical substance under Florida law.**

*Chapter 893, Fla. Stat.*
**(_____) is a controlled substance under Florida law.**

*§ 775.021(5), Fla. Stat.*

An "**unborn child**" means a member of the species *Homo sapiens,* at any stage of development, and who is carried in the womb.

*Give if applicable. § 775.021(5)(b), Fla. Stat.*
**Driving Under the Influence Manslaughter does not require the State to prove that the defendant knew or should have known that** (victim) **was pregnant or that the defendant intended to cause the death of the unborn child.**

*Give if appropriate. § 316.1934(2)(a) and (2)(b), Fla. Stat.*
1.      **If you find from the evidence that while driving [or in actual physical control of] a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.      **If you find from the evidence that while driving [or in actual physical control of] a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving ~~u~~Under the Influence Manslaughter if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence**

**before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

**Lesser Included Offenses**

| DRIVING UNDER THE INFLUENCE MANSLAUGHTER —<br>316.193(3)(A̶a), (3)(B̶b), and (3)(C̶c)3. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the Influence | | 316.193(1) | 28.1 |
| | Driving under the influence causing serious bodily injury | 316.193(3)(a), (3)(b), and (3)(c)2. | 28.3 |
| | Driving under the influence causing damage to person or property | 316.193(3)(a), (3)(b), and (3)(c)1. | 28.1(a) |

**Comment**

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [508 So. 2d 1221], 1992 [603 So. 2d 1175], 1995 [665 So. 2d 212], 1998 [723 So. 2d 123], 2006 [946 So. 2d 1061], 2009 [6 So. 3d 574], 2016 [190 So. 3d 1055], ~~and~~ 2017 [211 So. 3d 995], and 2019.

**7.9 VEHICULAR OR VESSEL HOMICIDE**
§ 782.071 or § 782.072, Fla. Stat.

**To prove the crime of [Vehicular] [Vessel] Homicide, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a, 1b, or 1c as applicable. Element 1a applies to either Vehicular Homicide or Vessel Homicide. Element 1b applies to Vehicular Homicide only. Element 1c applies to Vessel Homicide only. See § 775.021(5), Fla. Stat.*

1.    **a.** (Victim) **is dead.**

       **b. An unborn child is dead by injury to the mother.**

       **c. An unborn child is dead.**

2.    **The death was caused by the operation of a [motor vehicle] [vessel] by** (defendant).

3.    (Defendant) **operated the [motor vehicle] [vessel] in a reckless manner likely to cause the death of or great bodily harm to another person.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*Luzardo v. State, 147 So. 3d 1083 (Fla. 3d DCA 2014).*
**The State does not have to prove the defendant intended to harm or injure anyone. However, the reckless operation of a [motor vehicle] [vessel] requires the State to prove more than a failure to use ordinary care. A "reckless manner" means in willful or wanton disregard for the safety of persons or property. "Willful" means intentional, knowing and purposeful. "Wanton" means with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property.**

*~~Enhanced penalty.~~ § 782.071(1)(b) or § 782.072(2), Fla. Stat. Give if applicable.*
**If you find the defendant guilty of [Vehicular] [Vessel] Homicide, you must then determine whether the State has further proved beyond a reasonable doubt that:**

1.    **At the time of the accident,** (defendant) **knew, or should have known, that the accident occurred; and**

2.    (Defendant) **failed to give information and render aid as required by law.** *(Read applicable portion of § 316.062, Fla. Stat., or § 327.30, Fla. Stat., as charged in information or indictment.)*

**However, the State is not required to prove** (defendant) **knew that the accident resulted in injury or death.**

*Definitions. Applicable only to Vehicular Homicide.*
*§ 316.003(42), Fla. Stat. Some of these terms have their own statutory definitions which should be given if necessary.*
**A "motor vehicle" is a self-propelled vehicle not operated upon rails or guideway[, but not including any bicycle, motorized scooter, electric personal assistive mobility device, mobile carrier, personal delivery device, swamp buggy, or moped].**

*Give if applicable. § 782.071(2), Fla. Stat.*
**An "unborn child" means a member of the species homo sapiens, at any stage of development, who is carried in the womb.**

*§ 327.02(39̶46) Fla. Stat. Applicable only to Vessel Homicide.*
**"Vessel" is synonymous with boat and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.**

*§ 327.02(33), Fla. Stat. Applicable only to Vessel Homicide.*
**"Operate" means to be in charge of, in command of, or in actual physical control of a vessel upon the waters of this state, to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

**Lesser Included Offenses**

| VEHICULAR OR VESSEL HOMICIDE – 782.071 or 782.072 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless driving | | 316.192 | 28.5 |
| Reckless operation of vessel | | 327.33 | |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |

**Comments**

~~Culpable negligence is a Category Two lesser included offense of both vehicular and vessel homicide.~~

The decedent's conduct may only be asserted as a defense to vehicular homicide when that conduct could be viewed as the sole proximate cause of the accident which resulted in the death or unless there is some reason why it would be unjust or unfair to impose criminal liability. *See Union v. State*, 642 So. 2d 91, 94 (Fla. 1st DCA 1994); *see also Miller v. State*, 250 So. 3d 144 (Fla. 1st DCA 2018); *Reaves v. State*, 979 So. 2d 1066, 1069 (Fla. 1st DCA 2008); *Michel v. State*, 752 So. 2d 6, 12 (Fla. 5th DCA 2000); and *Nunez v. State*, 721 So. 2d 346, 347 (Fla. 2d DCA 1998).

This instruction was adopted in 1981 and amended in 1989, 2006 [946 So. 2d 1061], 2008 [994 So. 2d 1038], ~~and~~ 2015 [176 So. 3d 938], and 2019.

## 16.12 LEAVING A CHILD UNATTENDED OR UNSUPERVISED IN A MOTOR VEHICLE
§ 316.6135, Fla. Stat.

**To prove the crime of Leaving a Child Unattended or Unsupervised in a Motor Vehicle, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

1. (Defendant) **was a [parent of] [legal guardian for] [person responsible for]** (victim)**.**

2. (Victim) **was younger than 6 years of age.**

*Give 3a and/or 3b as applicable.*
3. (Defendant) **left** (victim) **unattended or unsupervised in a motor vehicle**

   a. **for a period in excess of 15 minutes.**

   ~~*Note to Judge:*~~ *Give 3b, if applicable, only when the crime charged is a violation of ~~F.S.~~ § 316.6135(4), Fla. Stat.*
   b. **for any period of time if [the motor of the vehicle was running] [the health of the child was in danger] [the child appeared to be in distress].**

- 13 -

*Give if crime charged is a violation of* ~~Fla. Stat.~~ *§_316.6135(4),* Fla. Stat.

**4. In so doing,** (defendant) **caused [great bodily harm] [a permanent disability] [permanent disfigurement] to** (victim).

*Definition.* ~~Fla. Stat.~~ *§ 316.003(21<u>42</u>), Fla. Stat. <u>Some of these terms have their own statutory definitions, which should be given if necessary.</u>*

**"Motor vehicle<u>"</u> means a self-propelled vehicle not operated upon rails or guideway[, ~~including a motorcycle,~~ but not a bicycle, motorized scooter, electric personal assistive mobility device, <u>mobile carrier, personal delivery device,</u> swamp buggy, or moped].**

*<u>§ 316.003(99), Fla. Stat.</u>*
**<u>"Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].</u>**

*Great bodily harm. Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**<u>"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.</u>**

**Lesser Included Offenses**

| LEAVING A CHILD UNATTENDED OR UNSUPERVISED IN A MOTOR VEHICLE — 316.6135(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving a Child Unattended if ~~violation of~~ <u>§</u> 316.6135(4)<u>, Fla. Stat.</u> is charged. | | 316.6135(1)(a) | 16.12 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [3 So. 3d 1172] and amended in 2013 [131 So. 3d 755] <u>and 2019.</u>

# 28.1  DRIVING UNDER THE INFLUENCE
§ 316.193(1), Fla. Stat.


**To prove the crime of Driving ~~u~~Under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **drove [or was in actual physical control of] a vehicle.**

2.      **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

   a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

   b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 316.193(4), Fla. Stat.*
**If you find the defendant guilty of Driving ~~u~~Under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

   a.      **the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**

   b.      **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the Driving ~~u~~Under the Influence.**

*Definitions. Give as applicable.*
*§ 316.003(7599), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Vehicle" is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*Give if appropriate. § 316.1934(2)(a) and (2)(b), Fla. Stat.*
1. **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be**

**overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2. **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving ~~u~~Under the Influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

**Lesser Included Offenses**

| DRIVING UNDER THE INFLUENCE — 316.193(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

A misdemeanor instruction was adopted in 1981 as part of Standard Jury Instructions In Misdemeanor Cases. In 1992, a similar instruction was adopted for Florida Standard Jury Instructions In Criminal Cases. That instruction was amended in 1995 and 1998; both instructions were merged into a revised instruction in 2000, which was amended in 2009 [6 So. 3d 574], ~~and~~ 2016 [192 So. 3d 1190], and 2019.

### 28.1(a)  DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 316.193(3)(a)(b)(c)1, Fla. Stat.

**To prove the crime of Driving ~~u~~Under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **drove [or was in actual physical control of] a vehicle.**

2. **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*
   a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

   b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vehicle,** (defendant) **caused or contributed to causing [damage to the property of** (victim)**] [injury to the person of** (victim)**].**

*Give if applicable. § 316.193(4), Fla. Stat.*

- 18 -

**If you find the defendant guilty of Driving ~~d~~Under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:**

> a.     the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.

> b.     the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the Driving ~~d~~Under the Influence.

*Definitions. Give as applicable.*
*§ 316.003(~~75~~(99), Fla. Stat. <u>Some of these terms have their own statutory definitions which should be given if necessary.</u>*
**<u>"Vehicle"</u> is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway[, except <u>personal delivery devices, mobile carriers, and</u> devices used exclusively upon stationary rails or tracks].**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

(_____) **is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

(_____) **is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*Give if appropriate. § 316.1934(2)(a) and (2)(b), Fla. Stat.*

1.      **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.      **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot.; Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*

**It is a defense to the charge of Driving ~~u~~Under the Influence Causing [Property Damage] [Injury] if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at**

**the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

**Lesser Included Offenses**

| DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 316.193(3)(a)(b)(c)1. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| DUI | | 316.193(1) | 28.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2009 [18 So. 3d 523], ~~and~~ 2016 [192 So. 3d 1190], and 2019.

**28.2  [FELONY] DRIVING UNDER THE INFLUENCE**
§ 316.193(2)(b)1 or § 316.193(2)(b)3, Fla. Stat.

**To prove the crime of Driving ~~u~~Under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1.   (Defendant) **drove [or was in actual physical control of] a vehicle.**

2.   **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

　　　a.   **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

　　　b.   **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable. § 316.193(4), Fla. Stat.*

**If you find the defendant guilty of Driving ~~u~~Under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

> **a.     the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving [or in actual physical control of] the vehicle.**
>
> **b.     the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the Driving ~~u~~Under the Influence.**

*Definitions. Give as applicable.*
*§ 316.003(~~75~~(99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Vehicle" is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*§ 316.1934(1), Fla. Stat.*

**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*

**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

(_____) **is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

(_____) **is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*Give if appropriate. § 316.1934(2)(a) and (2)(b), Fla. Stat.*
1.      **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.      **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Robertson v. State, 604 So. 2d 783, 792, n.14 (Fla. 1992); Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving ~~u~~Under the Influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable.  Therefore, if you are not convinced beyond a reasonable**

**doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

*Give as applicable if the jury finds the defendant guilty of Driving ~~u~~Under the Influence. Note: BUI and out-of-state DUI/DWI convictions count as prior convictions. See §316.193(6)(k), Fla. Stat. See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

**Now that you have found the defendant guilty of Driving ~~u~~Under the Influence, you must further determine whether the State has proven beyond a reasonable doubt whether:**

    **a.    the defendant was previously convicted two times of Driving ~~u~~Under the Influence and one of the prior Driving Under the Influence convictions took place within 10 years of the Driving Under the Influence that you found the defendant committed.**

    **b.    the defendant was previously convicted three times of Driving ~~u~~Under the Influence.**

*Give if applicable. 316.193(12), Fla. Stat.*

**If the records of the Department of Highway Safety and Motor Vehicles show that the defendant has been previously convicted of Driving ~~u~~Under the Influence, you may conclude that the State has established that prior Driving ~~u~~Under the Influence conviction. However, such evidence may be contradicted or rebutted by other evidence. Accordingly, this inference may be considered along with any other evidence in deciding whether the defendant has a prior Driving ~~u~~Under the Influence conviction.**

## Lesser Included Offenses

| FELONY DRIVING UNDER THE INFLUENCE – [THIRD OFFENSE WITHIN 10 YEARS OF A PRIOR CONVICTION] [FOURTH OFFENSE] — 316.193(2)(b)1. or 316.193(2)(b)3. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the influence | | 316.193(1) | 28.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Driving under the influence causing property damage or injury | 316.193(3)(a)(b)(c)1 | 28.1(a) |

## Comments

This instruction should be used for Felony Driving uUnder the Influence based on prior convictions. For Felony Driving uUnder the Influence based on prior convictions, it is error to inform the jury of prior Driving uUnder the Influence/Boating uUnder the Influence convictions until the verdict on the underlying Driving uUnder the Influence is rendered. Therefore, if the information or indictment contains an allegation of prior Driving uUnder the Influence/Boating uUnder the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Driving uUnder the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2016 [192 So. 3d 1190], and 2019.


## 28.3 DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY
### § 316.193(3)(a)(b)(c)2., Fla. Stat.

To prove the crime of Driving uUnder the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:

1.      (Defendant) **drove [or was in actual physical control of] a vehicle.**

2.      **While driving [or in actual physical control of] the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*
        a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

        b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3.      **As a result of operating the vehicle,** (defendant) **caused or contributed to causing serious bodily injury to** (victim)**.**

*Give if applicable*. § 316.193(4), Fla. Stat.
**If you find the defendant guilty of Driving uUnder the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

        a.      **the defendant had a [blood] [breath]-alcohol level of 0.15 or higher while driving [or in actual physical control of] the vehicle.**

        b.      **the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the Driving uUnder the Influence.**

*Definitions. Give as applicable.*
*§ 316.003(7599), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle"** **is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway[, except personal delivery**

- 26 -

**devices, mobile carriers, and** devices used exclusively upon stationary rails or tracks**].**

*§ 316.1934(1), Fla. Stat.*
**Normal faculties include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

*Shaw v. State, 783 So. 2d 1097 (Fla. 5th DCA 2001).*
**Impaired means diminished in some material respect.**

*Give if applicable.*
*The option of "on a vehicle" pertains to vehicles such as motorcycles and bicycles.*
**Actual physical control of a vehicle means the defendant must be physically in [or on] the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

*§ 322.01(2), Fla. Stat.*
**Alcoholic beverages are considered to be substances of any kind and description which contain alcohol.**

**(_____) is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

**(_____) is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*§ 316.1933, Fla. Stat.*
**Serious bodily injury means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.**

*Give if appropriate. § 316.1934(2)(a) and (2)(b), Fla. Stat.*
1. **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be**

**overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2. **If you find from the evidence that while driving or in actual physical control of a ~~motor~~ vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*It is not necessary to instruct on the "prima facie evidence of impairment" in § 316.1934(2)(c), Fla. Stat., if the State charged the defendant with driving with a blood or breath-alcohol level of .08 or over. In those cases, if the jury finds that the defendant drove with an unlawful blood or breath-alcohol level, impairment becomes moot. Tyner v. State, 805 So. 2d 862 (Fla. 2d DCA 2001).*

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving ~~u~~Under the Influence Causing Serious Bodily Injury if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

- 28 -

| DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY—316.193(3)(a)(b)(c)2. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the influence causing injury | | 316.193(3)(a)(b)(c)1. | 28.1 28.1(a) |
| Driving <u>under</u> the influence | | 316.193(1) | 28.1 |
| | Driving under the influence causing property damage | 316.193(3)(a)(b)(c)1. | 28.1(a) |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1992 and amended in 1998 [723 So. 2d 123], 2009 [6 So. 3d 574], 2013 [131 So. 3d 720], ~~and~~ 2016 <u>[192 So. 3d 1190], and 2019</u>.

## 28.4  LEAVING THE SCENE OF A CRASH INVOLVING [DEATH] [SERIOUS BODILY INJURY] [INJURY]
§ 316.027(2), Fla. Stat.; § 316.062, Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving [Death] [<u>Serious Bodily Injury</u>] [Injury], the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash occurring on public or private property resulting in [injury to] [death of] any person**.

2. (Defendant) **knew that [he] [she] was involved in a crash.**

*Give 3a if death is charged or 3b if injury or serious bodily injury is charged.*

**3.   a.   (Defendant) knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to or death of the person.**

   **b.   (Defendant) knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to the person.**

*Give 4a, 4b, or both as applicable.*
**4.   a.   (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle] and to any police officer investigating the crash.**

   **[or]**

   **b.   (Defendant) willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

**If the State proves that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Give if serious bodily injury is charged. § 316.027(1)(a), Fla. Stat.; § 316.027(2)(b), Fla. Stat.*
**If you find that (~~defendant~~defendant) committed the crime of Leaving the Scene of a Crash Involving Injury, you must then determine whether the State proved beyond a reasonable doubt that the injury was a serious bodily injury.**

**"Serious bodily injury" means an injury to a person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

*Give if it is alleged in the charging document that the defendant caused victim injury or death. § 921.0021(7)(e), Fla. Stat.*

**If you find that** (defendant) **committed the crime of Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [Injury], you must then determine whether the State proved beyond a reasonable doubt that [he] [she] caused [death] [or] [severe injury] [or] [moderate injury] [or] [slight injury] to** (victim)**.**

*~~Enhancement.~~ Give when the State alleged the victim was a "vulnerable road user."*
*§ 316.027(2)(f), Fla. Stat.*
**If you find that (~~defendant~~**defendant**) committed the crime of Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [or] [Injury], you must then determine whether the State proved beyond a reasonable doubt that the [injured person] [person who died] was:**

> **[a pedestrian].**
> **[actually engaged in work upon a highway].**
> **[actually engaged in work upon utility facilities along a highway].**
> **[engaged in the provision of emergency services within the right-of-way].**
> **[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
> **[riding an animal].**
> **[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*§ 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**A "vehicle" is any device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*§ 316.062, Fla. Stat.*

**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*If the "vulnerable road user" enhancement is given, insert applicable definitions from § 316.003, Fla. Stat.*

**Lesser Included Offenses**

| LEAVING THE SCENE OF A CRASH INVOLVING DEATH — 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Leaving the Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

| LEAVING THE SCENE OF A CRASH INVOLVING SERIOUS BODILY INJURY — 316.027(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving the Scene of a Crash Involving Injury | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

* In *Williams v. State*, 732 So. 2d 431 (Fla. 2d DCA 1999), the court stated in dictum that Leaving the Scene of a Crash Involving Injury is a necessarily lesser-included offense of Leaving the Scene of a Crash Involving Death. In other

areas, however, where there is no ~~issue~~dispute that a person was killed as a result of an incident giving rise to criminal charges, non-death lessers are not appropriate. *See, e.g., State v. Barritt,* 531 So. 2d 338 (Fla. 1988); *Humphrey v. State*, 690 So. 2d 1351 (Fla. 3d DCA 1997).

As of September 2018, it was~~It is~~ unclear whether the courts ~~will~~would interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

This instruction was adopted in 1995 [665 So. 2d 212] and amended in 2008 [973 So. 2d 432], 2015 [166 So. 3d 161], 2016 [192 So. 3d 1190], ~~and~~ 2018 [236 So. 2d 244], and 2019.

## 28.4(a)  LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED VEHICLE OR ATTENDED PROPERTY
§ 316.061(1), Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving Only Damage to an Attended Vehicle or Attended Property, the State must prove the following four elements beyond a reasonable doubt:**

1.  (Defendant) **was the driver of a vehicle involved in a crash.**

2.  **The crash resulted only in damage to a vehicle or other property.**

3.  **The [vehicle] [other property] was [driven] [attended] by [a person] [(name of person)].**

4.  (Defendant) **failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the**

**crash].**

**If the State proves that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*§ 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and if available and requested, the exhibition of the defendant's license or permit to drive.**

*§ 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except~~ing~~ personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

**Lesser Included Offenses**

| LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED VEHICLE OR ATTENDED PROPERTY—316.061(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

As of September 2018, it was~~It is~~ unclear whether the courts ~~will~~would interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481

(Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

As of ~~August 2017~~September 2018, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage. *Compare State v. Dorsett*, 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018 [236 So. 3d 244], and 2019.

## 28.4(b)  LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY
§ 316.063(1), Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving Damage to an Unattended Vehicle or Unattended Property, the State must prove the following four elements beyond a reasonable doubt:**

1.  (Defendant) **was the driver of a vehicle involved in a crash or collision.**

2.  **The crash or collision resulted in damage to another vehicle or other property.**

3.  **The vehicle or other property was not driven or attended by any person.**

4.  (Defendant) **failed to immediately stop at the scene of the crash or collision and then and there either**

    a.  **locate and notify the operator or owner of the vehicle or other property of [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, or**

- 35 -

      **b.**    **attach securely in a conspicuous place in or on the vehicle or other property a written notice giving [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, and, without unnecessary delay, notify the nearest office of a duly authorized police authority.**

*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*§ 316.003(7599), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, excepting personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

**Lesser Included Offense**

| LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY— 316.063(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

As of September 2018, it wasIt is unclear whether the courts willwould interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

As of August 2017September 2018, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage. *Compare State v. Dorsett*,

158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.063, Fla. Stat., contains an explicit willfulness requirement.

This instruction was adopted in 2016 [192 So. 3d 1190] and amended in 2018 [236 So. 3d 244], and 2019.


## 28.5 RECKLESS DRIVING
§ 316.192(1)(a) and (1)(b), Fla. Stat.

**To prove the crime of Reckless Driving, the State must prove the following beyond a reasonable doubt:**

*Give if § 316.192(1)(a), Fla. Stat. is charged.*
(Defendant) **drove a vehicle in Florida with a willful or wanton disregard for the safety of persons or property.**

*Give if ~~Fla. Stat.~~ § 316.192(1)(b), Fla. Stat. is charged.*
(Defendant)**, while driving a motor vehicle, fled from a law enforcement officer.**

*Give if applicable. ~~Fla. Stat.~~ § 316.192(3), Fla. Stat.*
**If you find** (defendant) **guilty of Reckless Driving, you must also determine whether the State has proven beyond a reasonable doubt that [he] [she] caused [damage to the [property] [or] [person] of another] [or] [serious bodily injury to another] as a result of operating the vehicle recklessly.**

*Definitions. Give if applicable.*
*W.E.B. v. State, 553 So. 2d 323 (Fla. 1~~st~~st DCA 1989).*
**"Willful" means intentionally, knowingly and purposely.**

**"Wanton" means with a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.**

*~~Fla. Stat.~~ § 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

A "vehicle" is any device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway[, except **personal delivery devices, mobile carriers, and** devices used exclusively upon stationary rails or tracks].

*Give if applicable.* ~~*Fla. Stat.*~~ *§ 316.192(3)(c)2, Fla. Stat.*
**"Serious bodily injury" means an injury to another person which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.**

*Give if applicable.*
~~*Fla. Stat.*~~ *§ 316.003(21~~42~~), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**A "motor vehicle" is a self-propelled vehicle not operated upon rails or guideway[, but not including any bicycle, motorized scooter, electric personal assistive mobility device, mobile carrier, personal delivery device, swamp buggy, or moped].**

~~*Fla. Stat.*~~ *§ 316.1935, Fla. Stat.*
**"Fleeing a law enforcement officer" means 1) the defendant was operating a motor vehicle upon a street or highway in Florida; 2) a duly authorized law enforcement officer ordered the defendant to stop or remain stopped; 3) the defendant, knowing [he] [she] had been ordered to stop by a duly authorized law enforcement officer, either willfully refused or failed to stop the vehicle in compliance with the order or having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.**

~~*Fla. Stat.*~~ *§ 316.003(~~53~~81), Fla. Stat.*
**"Street or Highway" means:**
**(a)    the entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;**
**(b)    the entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under Fla. Stat. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;**

**(c)** any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or

**(d)** any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under Fla. Stat. 418.30 and the recreational facilities of which district are open to the general public.

## Lesser Included Offenses

| RECKLESS DRIVING CAUSING SERIOUS BODILY INJURY — 316.192(1); 316.192(3)(a)(b)(c)2 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless driving causing injury | | 316.192(3)(a)(b)(c)1 | ~~22~~28.5 |
| Reckless driving | | 316.192(1)(a) | 28.5 |
| | Reckless driving causing property damage | 316.192(3)(a)(b)(c)1 | 28.5 |

## Comment

This instruction was adopted in 1981 and amended in 2013 [131 So. 3d 692], and 2019.

## 28.5(a) RACING ON A HIGHWAY
§ 316.191(3)(a), Fla. Stat.

**To prove the crime of Racing on a Highway, the State must prove the following element beyond a reasonable doubt:**

*Give a, b, c, or d as applicable.*
(Defendant)

> **a.** drove a motor vehicle in
>
> **b.** [participated] [coordinated] [facilitated] [collected monies] at any location for
>
> **c.** knowingly rode as a passenger in
>
> **d.** purposefully caused moving traffic to slow or stop for

[a race] [a drag race or acceleration contest] [a speed competition or contest] [a test of physical endurance] [an exhibition of speed or acceleration] [an attempt to make a speed record] on a [highway] [roadway] [parking lot].

> *Definitions.*
> *Fla. Stat.* § 316.191(1)(b), Fla. Stat.
> **"Drag race"** means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more motor vehicles to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.

> *Fla. Stat.* § 316.003(2142), Fla. Stat. *Some of these terms have their own statutory definitions, which should be given if necessary.*
> **"Motor vehicle"** means a self-propelled vehicle not operated upon rails or guideway[, including a motorcycle, but not a bicycle, motorized scooter, electric personal assistive mobility device, **mobile carrier, personal delivery device,** swamp buggy, or moped].

> § 316.003(99), Fla. Stat. *Some of these terms have their own statutory definitions, which should be given if necessary.*
> **"Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

> *Fla. Stat.* § 316.191(1)(c), Fla. Stat.
> **"Race"** means the use of one or more motor vehicles in competition, arising from a challenge to demonstrate superiority of a motor vehicle or driver and the acceptance or competitive response to that challenge, either

**through a prior arrangement or in immediate response, in which the competitor attempts to outgain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes. A race may be prearranged or may occur through a competitive response to conduct on the part of one or more drivers which, under the totality of circumstances, can reasonably be interpreted as a challenge to race.**

*~~Fla. Stat.~~ § 316.003(42~~68~~), Fla. Stat.*
**"Roadway" means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term roadway as used herein refers to any such roadway separately, but not to all such roadways collectively.**

*~~Fla. Stat.~~ § 316.003(53~~81~~), Fla. Stat.*
**"Street or highway" means**

**(a) The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;**

**(b) The entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;**

**(c) Any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or**

**(d) Any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s. 418.30 and the recreational facilities of which district are open to the general public.**

**Lesser Included Offenses**

| RACING ON A HIGHWAY — 316.191(3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [95 So. 3d 868], ~~and~~ 2013 [31 So. 3d 755], and 2019.

## 28.6 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
§ 316.1935(1), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2.  **A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.**

*Give 3a or 3b as applicable.*
3.  (Defendant)**, knowing [he] [she] had been ordered to stop by a duly authorized law enforcement officer,**

    a.  **willfully refused or failed to stop the vehicle in compliance with the order**

    b.  **having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.**

*Definitions.*

- 42 -

*§ 316.003(48), Fla. Stat.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*§ 316.003(~~53~~81), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~75~~99), Fla. Stat. <u>Some of these terms have their own statutory definitions, which should be given if necessary.</u>*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except~~ing~~ personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

## Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

## Comments

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category

Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], ~~and~~ 2018 [236 So. 3d 244], and 2019.


## 28.7 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated)
§ 316.1935(2), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*§ 316.003(~~53~~81), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~75~~99), Fla. Stat. <u>Some of these terms have their own statutory definitions, which should be given if necessary.</u>*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[<u>, except</u>~~ing~~ <u>personal delivery devices, mobile carriers, and</u> devices used exclusively upon stationary rails or tracks]<u>.</u>**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

### Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

### Comments

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], and 2018 [236 So. 3d 244], and 2019.


## 28.8 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving)
§ 316.1935(3)(a), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:**

1.  (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

*Definitions.*
*§ 316.003(48), Fla. Stat.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*§ 316.003(~~53~~81), Fla. Stat.*

**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except~~ing~~ personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

### Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935 (3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

### Comments

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category

Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], and 2018 [236 So. 3d 244], and 2019.

## 28.8(a) FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)
§ 316.1935(3)(b), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

5. **As a result of** (defendant's) **fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].**

- 48 -

*Definitions.*
*§ 316.003(48), Fla. Stat.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*§ 316.003(~~53~~81), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*§ 316.003(~~75~~99), Fla. Stat.* <u>*Some of these terms have their own statutory definitions, which should be given if necessary.*</u>
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except~~ing~~ personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(3)(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Fleeing to elude | | 316.1935(3)(a) | 28.8 |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing is in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

### Comments

*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State,* 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer,* 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], ~~and~~ 2018 [236 So. 3d 244], and 2019.

## 28.8(b) AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death)
§ 316.1935(4)(b) and § 316.027, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash.**

*Give 3a if death is charged or 3b if injury or serious bodily injury is charged.*

3.  a. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to or death of the person.**

    b. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4. (Defendant)

    a. **willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant][person attending the vehicle or other damaged property] and to any police officer investigating the crash.**

    **[or]**

    b. **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5. **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6. (Defendant)**, knowing [he][she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop**

**[his][her]vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.       **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Give if it is alleged in the charging document that the defendant caused victim injury or death as part of violating § 316.027, Fla. Stat. § 921.0021(7)(e), Fla. Stat.*
**If you find that** (defendant) **committed Aggravated Fleeing, you must then determine whether the State proved beyond a reasonable doubt that [he] [she] caused [death] [or] [severe injury] [or] [moderate injury] [or] [slight injury] to** (victim)**.**

~~*Enhancement.*~~ *Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**
**[engaged in the provision of emergency services within the right-of-way].**

**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*§ 316.003(7599), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, excepting personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*§ 316.027(1)(a), Fla. Stat.*
**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Death and then Causing Serious Injury Bodily Injury or Death) — 316.1935(4)(b) and 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Aggravated Fleeing | | 316.1935(4)(a) | ~~28.84~~28.8(d) |
| Leaving Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | ~~28.81~~28.8(a) |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

**Comments**

    * § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

**The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

As of September 2018, it was~~It is~~ unclear whether the courts ~~will~~would interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2016 [192 So. 3d 1190], ~~and~~ 2018 [236 So. 3d 244], and 2019.


### 28.8(c) AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)
§ 316.1935(4)(b) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.  (Defendant) **was the driver of a vehicle involved in a crash.**

2.  **The crash resulted only in damage to a vehicle or other property.**

3.  **The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

- 55 -

4.  (Defendant) **failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the crash.**

5.  **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.  (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7.  **As a result of** (defendant) **fleeing or eluding, [he] she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

**If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*§ 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Vehicle"** means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, excep~~ting~~ <u>personal delivery devices, mobile carriers, and</u> devices used exclusively upon stationary rails or tracks]**.**

## Lesser Included Offenses

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death) — 316.1935(4)(b) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Aggravated Fleeing | | 316.1935(4)(a) | ~~28.85~~28.8(e) |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | ~~28.81~~28.8(a) |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

## Comments

\* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

As of ~~August 2017~~September 2018, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute.

CompareCompare *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

\*\*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

As of September 2018, it wasIt is unclear whether the courts willwould interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2016 [192 So. 3d 1190], and 2018 [236 So. 3d 244], and 2019.


**28.8(d) AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another)**
§ 316.1935(4)(a) and § 316.027 Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash.**

- 58 -

*Give 3a if death is charged or 3b if serious bodily injury or injury is charged.*

3.     a.     (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to or death of the person.**

       b.     (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4.     (Defendant)

       a.     **willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash.**

       **[or]**

       b.     **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5.     **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.     (Defendant) **knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop][and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.     **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [an injury to] [damage to the property of]** (name of victim).

*§ 316.027, Fla. Stat.*

**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Give if it is alleged in the charging document that the defendant caused victim injury or death as part of violating § 316.027, Fla. Stat. § 921.0021(7)(e), Fla. Stat.*
**If you find that** (defendant) **committed Aggravated Fleeing, you must then determine whether the State proved beyond a reasonable doubt that [he] [she] caused [death] [or] [severe injury] [or] [moderate injury] [or] [slight injury] to** (victim)**.**

~~*Enhancement*~~. *Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

[a pedestrian].
[actually engaged in work upon a highway].
[actually engaged in work upon utility facilities along a highway].
[engaged in the provision of emergency services within the right-of-way].
[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].
[riding an animal].
[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way]
[crosswalk] [shoulder of the roadway]].

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*

- 60 -

**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*§ 316.003(~~75~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, except~~ing~~ personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*§ 316.027(1)(a), Fla. Stat.*
**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

# Lesser Included Offenses

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Death and then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and § 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving Scene of Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Leaving Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | ~~28.81~~28.8(a) |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

## Comments

    * § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

**The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

As of September 2018, it was~~It is~~ unclear whether the courts ~~will~~would interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2016 [192 So. 3d 1190], ~~and~~ 2018 [236 So. 3d 244], and 2019.


## 28.8(e) AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)
§ 316.1935(4)(a) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.    (Defendant) **was the driver of a vehicle involved in a crash.**

2.    **The crash resulted only in damage to a vehicle or other property.**

3.    **The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

4.    (Defendant) **failed to stop at the scene of the crash or as close**

- 63 -

**to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the crash].**

5.    **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.    (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7.    **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [injury to] [damage to the property of]** (name of victim)**.**

**If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*§ 316.003(7~~5~~99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Vehicle"** means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, excepting personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving A Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.8128.8(a) |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

**Comments**

*§ 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

As of August 2017September 2018, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. CompareCompare *State v. Dorsett,* 158 So. 3d 557 (Fla. 2015), and *Mancuso v.*

*State,* 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

\*\*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State,* 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

As of September 2018, it wasIt is unclear whether the courts willwould interpret the statutory phrase of "the driver of a vehicle involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007)(which was decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016) but may still be good law).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], 2016 [192 So. 3d 1190], and 2018 [236 So. 3d 244], and 2019.

## 28.13 REFUSAL TO SUBMIT TO TESTING
§ 316.1939, Fla. Stat.

**To prove the crime of Refusal to Submit to Testing, the State must prove the following six elements beyond a reasonable doubt:**

*Give 1a and/or 1b as applicable.*
1.      **A law enforcement officer had probable cause to believe** (defendant) **[drove] [was in actual physical control of] a motor vehicle in this state while**

       a.      **under the influence of [an alcoholic beverage][**(a chemical substance listed in 877.111 Fla. Stat.)][(a controlled substance

- 66 -

listed in Chapter 893)] **to the extent** (Defendant's) **normal faculties were impaired.**

b. **[his] [her] [breath] [blood] alcohol level was .08 or higher.**

*Give 2a in cases where the defendant was arrested. Give 2b in cases where the defendant appeared for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test was impractical or impossible.*

2.     a.    **The law enforcement officer lawfully arrested** (defendant) **for Driving Under the Influence.**

b.    **The law enforcement officer requested a blood test.**

3.    (Defendant) **was informed that if [he] [she] refused to submit to a [chemical] [physical] test of [his] [her][breath] [blood] [urine], [his] [her] privilege to operate a motor vehicle would be suspended for a period of one year, or, in the case of a second or subsequent refusal, for a period of 18 months.**

4.    (Defendant) **was informed that it is a misdemeanor to refuse to submit to a lawful test of [his] [her] [breath] [blood] [urine], if [his] [her] driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his] [her] [breath] [blood] [urine].**

5.    (Defendant)**, after being so informed, refused to submit to a [chemical] [physical] test of [his] [her] [breath]_[blood] [urine] when requested to do so by a [law enforcement officer] [correctional officer].**

6.    (Defendant's) **driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his] [her] [breath] [blood] [urine].**

*Inference.*
**You are permitted to conclude that** (defendant's) **driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his]_[her]_[[breath]_[blood]_[urine] if a record from the Department of Highway Safety and Motor Vehicles shows such a suspension.**

*Definitions.*

*§ 316.003(~~21~~42) Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

**"Motor vehicle" means any self-propelled vehicle not operated upon rails or guideway[, but not including any bicycle, motorized scooter, electric personal assistive mobility device, <u>mobile carrier, personal delivery device,</u> swamp buggy, or moped].**

*§ 316.003(99), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*

<u>**"Vehicle" is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway[, except personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**</u>

**"Probable cause" exists where the totality of circumstances, from the perspective of the law enforcement officer's knowledge, training and experience, gave the officer reasonable grounds and a fair probability to believe that a crime had been committed.**

*Give if applicable. <u>The option of "on a vehicle" pertains to vehicles such as motorcycles.</u>*

**"Actual physical control" means the defendant must be physically in or on the motor vehicle and have the capability to operate the motor vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.**

### Lesser Included Offenses

| REFUSAL TO SUBMIT TO TESTING — 316.1939 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04 | 5.1 |

### Comment<u>s</u>

Where the lawfulness of the arrest is at issue, a special instruction ~~may be warranted~~<u>will be necessary</u>.

This instruction was adopted in 2007 [965 So. 2d 811] and amended in 2013 <u>[131 So. 3d 692] and 2019</u>.

## 28.18 FAILURE TO OBEY THE LAWFUL ORDER OF A [POLICE] [FIRE] [TRAFFIC] OFFICIAL
§ 316.072(3), Fla. Stat.

**To prove the crime of Failure to Obey the Lawful Order of a** (*insert type of official from the list in § 316.072(3), Fla. Stat.*)**, the State must prove the following five elements beyond a reasonable doubt:**

1.    (Defendant) **was [operating a [vehicle] [bicycle]] [walking] upon [a state-maintained highway] [county-maintained highway] [municipal street or alley] [place where vehicles have the right to travel].**

2.    (Name of official) **gave a lawful [order] [or] [direction] to** (defendant) **regarding the operation of a vehicle or bicycle or the movement of a pedestrian.**

3.    **At the time,** (name of official) **was acting in [his] [her] capacity as a [law enforcement officer] [traffic crash investigation officer] [traffic infraction enforcement officer] [member of the fire department who was at the scene of a fire, rescue operation, or other emergency].**

4.    (Defendant) **knew that [he] [she] had been given a[n] [order] [direction] by a [law enforcement officer] [traffic crash investigation officer] [traffic infraction enforcement officer] [member of the fire department who was at the scene of a fire, rescue operation, or other emergency].**

5.    (Defendant) **willfully failed to obey [or] [willfully refused to comply] with the [order] [or] [direction] given.**

*Definitions. Give as applicable.*
*§ 316.003(9599), Fla. Stat. Some of these terms have their own statutory definitions, which should be given if necessary.*
**A "vehicle" is every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway[, excepting personal delivery devices, mobile carriers, and devices used exclusively upon stationary rails or tracks].**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*

- 69 -

**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.003(2~~4~~), Fla. Stat.*
**A "bicycle" is every vehicle propelled solely by human power, and every motorized bicycle propelled by a combination of human power and an electric helper motor capable of propelling the vehicle at a speed of not more than 20 miles per hour on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. The term does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device.**

*§ 316.640, Fla. Stat.*
**A "traffic crash investigation officer" is an individual who successfully completed instruction in traffic accident investigation and court presentation through the Selective Traffic Enforcement Program as approved by the Criminal Justice Standards and Training Commission and funded through the National Highway Traffic Safety Administration or a similar program approved by the Criminal Justice Standards and Training Commission, and who is employed by** (insert relevant agency listed in § 316.640, Fla. Stat.)**.**

*§ 316.640, Fla. Stat.*
**A "traffic infraction enforcement officer" is an individual who successfully completed instruction in traffic enforcement procedures and court presentation through the Selective Traffic Enforcement Program as approved by the Division of Criminal Justice Standards and Training of the Department of Law Enforcement, or through a similar program, and who is employed by** (insert relevant agency listed in § 316.640, Fla. Stat.)**.**

*~~Note to judge: A special instruction may be necessary when the defendant claims the order or direction was not lawful.~~*

**Lesser Included Offenses**

| FAILURE TO OBEY — 316.072(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**
A special instruction will be necessary in cases where the defense claims the order or direction was not lawful.

This instruction was adopted in 2015 [166 So. 3d 161] and amended in 2017 [211 So. 3d 995] and 2019.